IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JO FRANCINE SNOWDEN,

    Plaintiff,

v.                                                                                          No. 1:23-CV-1012-STA-jay

JACKSON MADISON COUNTY
GENERAL HOSPITAL,
TANIA LAMBERT, and
REGINA SMITH,

    Defendants.

---

## REPORT AND RECOMMENDATION

---

Plaintiff filed this pro se Complaint on January 23, 2023. (Docket Entry [D.E.] 1). This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. (D.E. 7). The undersigned **RECOMMENDS DISMISSING** Plaintiff's Complaint for the reasons that follow.

    I.    **PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff Jo Francine Snowden was employed by the Jackson Madison County General Hospital (JMCGH) as a "visitor ambassador" within the JMCGH's Customer Excellence department. (*See* D.E. 1-1, p. 2, PageID 10). She was terminated from her employment for alleged rudeness towards co-workers. (D.E. 1, pp. 4-6, PageID 4-6; D.E. 1-1, p. 3, PageID 11). According to Plaintiff, on July 11, 2022, a new employee reported to her for training. (D.E. 1, p. 6, PageID 6). Plaintiff alleges that it was not on her schedule to train a new employee that day but that she

1

did not "refuse to train her." (*Id*.). Plaintiff further alleges that an employee reported her conduct to her supervisor, Tania Lambert, but that she was not reprimanded, written up, or otherwise counseled by her supervisor that day. (*Id*.) Several weeks later, Plaintiff alleges that she received paperwork recommending her termination for her alleged rudeness to the new employee. (*Id*.)

Plaintiff filed a charge of discrimination with the EEOC and received a right to sue letter. (D.E. 1-2, PageID 12). Plaintiff then timely filed this lawsuit against JMCGH, her supervisor Tania Lambert, and Director of Guest and Senior Services Regina Smith. (D.E. 1, p. 2, PageID 2). Using a "Complaint for Employment Discrimination" form, Plaintiff indicated that the basis for federal jurisdiction for this action was "[o]ther federal law," and wrote in the accompanying blank that "[she] was fir[ed] in violation of an employment contract." (*Id*. at p. 3, PageID 3). In the portion of the Complaint form directing Plaintiff to identify the basis of discrimination, she wrote "alleged violations of company policy." (*Id*. at p. 4, PageID 4). Plaintiff seeks compensatory and punitive damages. (*Id*. at p. 5, PageID 5).

## II.    SCREENING STANDARD

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

> i. is frivolous or malicious;
> ii. fails to state a claim on which relief may be granted; or
> iii. seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

### III. PROPOSED CONCLUSIONS OF LAW

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief may be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

At the pleading stage, an employment discrimination complaint is not required to allege facts to support a prima facie case of discrimination, but it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Fed. Rule Civ. Proc. 8(a)(2)). In this

4

case, Plaintiff has failed to plead any facts to show that she is entitled to relief. Plaintiff does not identify any bases of discrimination such as her race, color, gender, religion, national origin, age, or disability or perceived disability. Moreover, Plaintiff does not make any factual allegations that could give an inference of discrimination. Instead, Plaintiff alleges that the sole reason for her termination was violation of company policy.

## IV. RECOMMENDATION

For the reasons above, it is recommended that the Court dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this the 2nd day of August, 2023.

s/Jon A. York
United States Magistrate Judge

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**