IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JO FRANCINE SNOWDEN,

      Plaintiff,

v.                                       No. 23-1012-STA-jay

JACKSON MADISON COUNTY
GENERAL HOSPITAL,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER OF DISMISSAL**

      Before the Court is the United States Magistrate Judge's Report and Recommendation that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 8.) Plaintiff has filed timely objections to the Magistrate Judge's Report. (ECF No. 9.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report, and Plaintiff's complaint is **DISMISSED**.

      Because Plaintiff was permitted to proceed as a pauper, the Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review

further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the proposed findings or recommendations to which an objection is made. Objections must be specific; a general objection is not sufficient and may result in waiver of further review. *See Downs v. McDonough*, 2022 WL 411845, at *1 (M.D. Tenn. Feb. 9, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, the plaintiff may not raise a new claim in her objections. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In the present case, Plaintiff filed "objections" to the Report and Recommendation, but she has failed to assert any specific objections that are not a mere disagreement with the Magistrate Judge's findings. Instead, Plaintiff re-alleges that she was wrongfully terminated, but she fails to allege that she was terminated for any unlawful discriminatory reason such as on the basis of her gender, race, color, religion, age, or disability.

This Court has original jurisdiction in two circumstances: (1) when diversity jurisdiction — which has not been pleaded here — exists and (2) in "all civil actions arising under the Constitution, laws, or treaties of the United States," which is referred to as federal question jurisdiction. 28 U.S.C. §§ 1331-32. A federal district court has federal question jurisdiction if the plaintiff's well-pleaded complaint raises issues of federal law. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 152 (1908))). This "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction. *Metropolitan Life Inc. Co.*, 481 U.S. at 63 (citing *Franchise Tax Board of*

*Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 9-12 (1983)). Neither basis for subject matter jurisdiction is present in this case.

In her EEOC complaint, Plaintiff checked only the box corresponding to "other federal law" and wrote in the blank space "Employer firing in violation of an employment contract." She did not allege that she was discriminated in violation of Title VII, the Age Discrimination in Employment Act, or the Americans with Disabilities Act. (Cmplt. p. 3, ECF No. 1.) She specifically alleges that she was discriminated against "for violating company policy." (*Id.* at p. 4.) Plaintiff does not describe any instances of discrimination, let alone any discrimination related to her gender, race, color, age, or disability. Nor do the facts alleged in the EEOC charge indicate that Plaintiff was subject to any unlawful discrimination. In essence, the EEOC charge and the complaint filed in this Court are based on an alleged state law breach of employment law claim, over which this Court does not have subject matter jurisdiction.

Plaintiff has presented no facts or law to show that the Report and Recommendation should not be adopted. Therefore, the Report and Recommendation is **ADOPTED** in its entirety, and this matter is hereby **DISMISSED**. Judgment will be entered accordingly.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 25, 2023